Judgment reversed.

---

## McBREARTY *v.* DYER.

An appeal from a justice of the peace, whether allowed by the justice or the court, must be taken and perfected within twenty days from the rendition of the judgment.

*Appeal from the Keokuk District Court.*

WEDNESDAY, OCTOBER 13.

Suit commenced before a justice of the peace, and judgment rendered against the defendant, on the 7th of June,

1856. On the 26th day of June, as appears from the transcript of the justice, the defendant filed a bond for an appeal, and the appeal was allowed. Notice of the appeal was served on the plaintiff, on the 4th day of September, 1856. At the September term of the district court, a rule was issued to the justice, requiring him to amend his transcript, in relation to filing the bond and allowing the appeal, to which he made the following return : "I left home on the 15th of June, and did not return until about the 20th of July. I told Mr. Casey, the defendant's attorney, a day or two after the trial, that I was going away, and I further told him, or the defendant himself, before I left home, that if I was not at home when they filed a bond, they could give it to Charles Rigdon, and he could file it, and I would allow an appeal. I think this was told them a day or two before I started to Nebraska. When I came back home, the bond was among the papers marked on the back by Charles Rigdon, as I had directed, filed June 26 1856. I signed my name to it and approved the bond, about the 20th or 22d of July, 1856, and allowed the appeal." Upon this return being made, the plaintiff moved to dismiss the appeal, for the reason that the appeal was not taken and allowed within twenty days from the rendition of the judgment, which motion was sustained by the court.

On the 27th day of September, 1856, the defendant presented to the clerk of the district court his petition, asking for the allowance of an appeal in said cause, setting forth substantially the foregoing facts, upon which the clerk allowed an appeal, upon the filing of the proper bond. At the ensuing July term of the district court, the plaintiff again moved to dismiss the appeal for similar reasons, which motion was sustained and the appeal dismissed. The defendant appeals.

*Charles Negus,* for the appellant.

*E. L. Benton,* for the appellee.
VOL. VI. 67

STOCKTON, J.—If the question for our consideration was, whether there was error in the judgment of the court dismissing the appeal allowed by the justice, we should be inclined to doubt the correctness of the decision of the court dismissing that appeal. But the appeal to this court is from the judgment of the district court, dismissing the appeal allowed by the clerk. In this judgment we think there was no error. We think the true interpretation of section 2330 of the Code is, that the appeal, whether allowed by the justice or by the clerk, must be taken and perfected within twenty days from the rendition of the judgment.

Judgment affirmed.